UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN SUAREZ,<br><br>                    Plaintiff,<br><br>-against-<br><br>JONATHAN FEISTMAN; MOUNT SINAI BETH ISRAEL; NYC RETINA-MANHATTAN; LIABILITY INSURANCE FOR JONATHAN FEISTMAN; LIABILITY BOND FOR JONATHAN FEISTMAN; LIABILITY INSURANCE NYC RETINA-MANHATTAN; LIABLITY INSURANCE FOR MOUNT SINAI BETH ISRAEL; LIABILITY BOND FOR NYC RETINA-MANHATTAN; LIABILITY BOND MOUNT SINAI BETH ISRAEL; PHARMACEUTICALS/ARASTIN/SILICONE INSULIN NEEDLES,<br><br>                    Defendants. | 20-CV-11052 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal-question jurisdiction. She asserts that Defendants violated her rights by not properly informing her of the risks associated with surgery. By order dated February 17, 2021, the court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff brings this action asserting claims under "Title XIX, 42 USC § 1396, 42 USC 1981, 1983, 1984, 51 US Code § 20137, Insurance Law § 102(a) R53-54, 35 US Code § 7316, 28 US Code 1428, US Code 9, Title 313279 through 3733, [and] 18 US Code § 1347." (ECF 2, at 2.) She asserts that on or about March 6, 2019, she underwent surgery at NYC-Retina Manhattan. Plaintiff claims that Jonathan Feistman "did not fully disclose the danger and risks that were involved in the surgery." (*Id*. at 3.) She alleges that silicone was injected into her eye during the surgery and she now suffers from side effects "such as tremors[,] constant ear infections[,] [and] migraines," and that her vision has become worse. (*Id.*) Plaintiff seeks $10 million in damages.[1]

---

[1] On the same day she filed this action, Plaintiff also filed another lawsuit with similar assertions. *See Suarez v. Marcus*, ECF 1:20-CV-11051, 2 (CM) (S.D.N.Y. Feb. 12, 2021) (*Suarez I*) In *Suarez I*, Plaintiff alleged that on or about April 19, 2018, she underwent eye surgery at Retina Associates in Manhattan, and that Sergiu Marcus failed to inform her of the risks associated with the surgery. Plaintiff claimed that as a result of the surgery, she "lost vision, [experiences] permanent pain and [she] will have silicone and the detrimental effects of it for the rest of [her] life." *Suarez I*, ECF 1:20-CV-11051, 2, at 3. As in this action, Plaintiff also sued in *Suarez I* Mount Sinai Beth Israel and "Pharmaceuticals/Arastin/Silicone Insulin Needles." On February 12, 2021, the Court dismissed *Suarez I* for lack of subject-matter jurisdiction. *Suarez I*, ECF 1:20-CV-11051, 4.

## DISCUSSION

### A.    Subject-Matter Jurisdiction

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court's jurisdiction is available only when a "federal question" is presented, or if asserting state-law claims under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

#### 1.    Federal-Question Jurisdiction

Federal-question jurisdiction is available when a plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal-question jurisdiction, without any facts demonstrating a federal law claim, does not

3

create federal-subject-matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes the Court's federal-question jurisdiction and asserts that the basis for that jurisdiction arises from several federal statutes. (*See* ECF 2, at 2.) But she alleges no facts that suggest that any of her claims fall under federal laws. The Court therefore lacks federal-question jurisdiction to consider Plaintiff's claims.

2. **Diversity Jurisdiction**

Although Plaintiff does not invoke the Court's diversity jurisdiction, the Court also considers whether she alleges facts sufficient to do so. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). An individual is a citizen of the State where she is domiciled, which is defined as the place where a person "has [her] true fixed home . . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). And "a limited liability company . . . takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount.

*See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

The Court lacks diversity jurisdiction to consider this action. Based on the information Plaintiff provides, she fails to demonstrate that she and all the defendants are citizens of different states and that complete diversity exists. She asserts that she is a citizen of New York, and while she does not reveal the state citizenships of all the defendants, her assertions suggest that Defendants Feistman, NYC Retina-Manhattan, and Mount Sinai Beth Israel are also citizens of New York. (ECF No. 2, at 1-2.)

Because Plaintiff does not allege a claim under federal law and she fails to show that complete diversity of citizenship exists between her and the defendants, the Court dismisses this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**B.      The Court declines to grant leave to amend.**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

Case 1:20-cv-11052-LLS   Document 4   Filed 02/17/21   Page 6 of 6

The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). All other pending matters in this action are terminated.

SO ORDERED.

Dated:   February 17, 2021
        New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                            U.S.D.J.